ECF CASE

'05 CIV 4558

UNITED STATES DISTRICT COUNT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROSA WEARING,

                                                      Plaintiff,         COMPLAINT

- against -

                                                                  Civil Action No.

ST. CHRISTOPHER'S, INC., MUHAMMAD RIAZ,
LUIS MEDINA and BERNHARD F. MEYER,

                                                               JURY TRIAL DEMAND

                                                Defendants.
------------------------------------------------------------------X

JUDGE McMahon

### NATURE OF THE ACTION

1.    This is an action under Title VII of the Civil Rights Act of 1964 and the Executive Law of the State of New York to recover damages against defendants for unlawful employment practices on the basis of sex, hostile work environment and retaliation. Plaintiff alleges that she was discriminated against by defendants when she was demoted from her position and subsequently terminated based upon her sex and in retaliation for valid complaints concerning discriminatory treatment of her and the hostile work environment to which she was subjected.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1334 and 1345. This action is authorized and instituted pursuant to Section 701 et seq. of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").

3. Plaintiff also requests that the Court take jurisdiction over her pendent State law claims pursuant to Section 296 of the Executive Law of the State of New York ("Executive Law") which are based upon the same facts.

4. The unlawful employment practices alleged were committed within the jurisdiction of the United States Court for the Southern District of New York.

## PARTIES

5. At all relevant times, plaintiff Rosa Wearing was and is a resident of the State of New York, County of Westchester.

6. At all relevant times, defendant St. Christopher's, Inc. ("St. Christopher's") was and is a corporation organized and existing under the laws of the State of New York and has continuously been doing business and maintained its offices in the State of New York, County of Westchester, and has continuously had at least 15 employees. St. Christopher's operates treatment facilities for troubled and disadvantaged children.

7. At all relevant times, defendant Muhammad Riaz ("Riaz") was a resident of the State of New York, County of Westchester, and was employed by St. Christopher's in the position of Program Director.

8. At all relevant times, defendant Luis Medina ("Medina") was a resident of the State of New York, County of Westchester, and was employed by St. Christopher's in the position of Executive Director.

9. At all relevant times, defendant Bernhard F. Meyer ("Meyer") was a resident of the State of New York, County of Rockland, and was employed by St. Christopher's in the position of Director of Human Resources.

## FIRST CLAIM

10. In or about January 2002, plaintiff filed a charge with the New York State Division of Human Rights and the United States Equal Employment Opportunity Commission ("EEOC") alleging violations by St. Christopher's of Title VII and the Executive Law. Plaintiff received a Notice of Right to Sue from the EEOC on or about February 14, 2005, and all conditions precedent to the institution of this lawsuit have been fulfilled.

11. Since at least the year 1997, defendants have engaged in unlawful employment practices in violation of Sections 703 and 704 of Title VII, 42 U.S.C. §§ 2000e-2 and e-3 and Section 296 of the Executive Law. These practices have included but are not limited to the following:

   A. Because Riaz is a native of Pakistan and subscribes to the view of some members of that culture that females are inferior to males and should be subservient to males, he treated all female employees at St. Christopher's in a discriminatory manner. St. Christopher's, Medina and Meyer were aware that Riaz treated females in a discriminatory manner, particularly assertive females.

   B. Plaintiff is a female who was employed by St. Christopher's for approximately 15 years from 1987 until January 2002 when her employment was

terminated by defendants. Prior to her termination, she held the position of Cottage Manager and was generally considered by St. Christopher's management to be the most effective Cottage Manager on the campus, causing management to assign the most difficult and troubled youngsters to her cottage. Because of her length of service, plaintiff's level of compensation was higher than most other female employees in comparable positions.

    C. When Riaz was hired by St. Christopher's in 1997 as Program Director with supervisory authority over plaintiff, he quickly recognized that plaintiff was an assertive female who stood up for her rights and refused to be treated in a belittling, discriminatory manner, as a result of which Riaz began a campaign to "get rid of" plaintiff because he considered her assertiveness to be inappropriate for a female and because he wanted to rid his budget of her higher salary. Because of plaintiff's stellar performance record and reputation as a Cottage Manager, Riaz could not fire her without reason so he made inquiries of other employees about plaintiff in an attempt to uncover negative allegations against her which he could use as an excuse to terminate her. On at least two occasions he told recently hired supervisors to "write up" plaintiff for every conceivable offense, even if she was "a minute late for work" and to "find a way to get rid of her."

    D. In January 2002, even though false allegations against child care workers by residents in facilities such as St. Christopher's are common, defendants wrongfully accused plaintiff based on such false allegations, of abuse and

maltreatment of residents of St. Christopher's, as a result of which she was falsely and improperly "indicated" by the New York State Office of Children & Family Services in its Central Register of Child Abuse and Maltreatment as a person who may have abused or maltreated children at St. Christopher's; plaintiff was thus deprived of her livelihood and chosen profession and was compelled to bring a proceeding to set aside the "indicated" determination; by decision dated January 14, 2005, the State of New York found defendants' charges to be unsubstantiated.

   E. As a result of the above, defendants have subjected plaintiff to discrimination based upon her sex by not affording her the same privileges and levels of compensation as male employees and by demoting and subsequently terminating her employment in retaliation for her complaints of discriminatory treatment.

   F. Defendant Riaz created a hostile work environment at St. Christopher's by his abusive treatment of plaintiff, including shouting, cursing and bullying conduct over a period of approximately five years rendering it unhealthy and unsafe for plaintiff to continue her employment at St. Christopher's. Riaz treated all female employees in a manner inferior to his treatment of males and subjected plaintiff, because she is a female, to derogatory comments which were not directed at males.

   G. Plaintiff complained to Medina and Meyer and other supervisors of St. Christopher's concerning the discriminatory treatment by Riaz, but to no avail. Instead, Medina and Meyer allowed Riaz to conduct and supervise the aforesaid

investigation of false charges by residents against plaintiff as aforesaid, as a result of which plaintiff was demoted, her salary was reduced by 50 percent and she was humiliated and banished to another campus operated by St. Christopher's to perform a different job than she had been performing at St. Christopher's for many years.

   H. The unlawful practices complained of were intentional and performed with malice or with reckless disregard of the rights of plaintiff and caused plaintiff great emotional and mental pain and suffering.

   13. By reason thereof, plaintiff is entitled to recover from St. Christopher's, in amounts to be determined at trial, back pay from January 2002 and front pay, compensatory and punitive damages and statutory attorneys' fees pursuant to Title VII.

## SECOND CLAIM

   14. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "13" above as if fully set forth herein.

   15. The aforesaid actions on the part of the defendants constituted violations of Executive Law section 296.

   16. By virtue of their positions of authority at St. Christopher's, Riaz, Medina and Meyer are individually liable to plaintiff for damages under the Executive Law.

   17. By reason thereof, plaintiff is entitled to recover from all defendants damages consisting of back pay from January 2002 and front pay in an amount to be

determined at trial, plus damages for mental and emotional pain and suffering in the amount of $5,000,000.

## THIRD CLAIM

18.   Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "17" above as though fully set forth herein.

19.   Defendants knew, or learned during the course of the investigation, that the allegations against plaintiff concerning abuse and maltreatment of residents were false, yet they permitted Riaz, whom they knew to have a discriminatory and prejudicial attitude toward plaintiff, to conduct and direct an investigation which resulted in plaintiff's demotion and termination and banishment from her job as Cottage Manager during the three years required to establish after a lengthy trial before the New York State Office of Children and Family Services that the charges made against her under the tutelage of Riaz were unsubstantiated.

20.   Because of their extensive experience in the industry, defendants knew that the investigation which they instituted based on false charges would irreparably damage plaintiff's reputation and ruin her career even if she was ultimately exonerated of the charges. They nevertheless allowed Riaz to conduct and supervise the investigation concerning plaintiff whom they knew he wanted to fire.

21.   Defendants' actions, performed intentionally and maliciously and with reckless indifference to plaintiff's rights, have irreparably damaged plaintiff's reputation in her chosen field and made it impossible for her to continue her career on

the same high level as before her termination by defendants, causing her to suffer severe mental and emotional pain and suffering.

22.     By reason thereof, plaintiff is entitled to recover compensatory damages from defendants in the amount of $5,000,000, punitive damages in the amount of $5,000,000 and attorneys' fees incurred in this action and in defending defendants' false abuse and maltreatment charges, in an amount to be determined at trial.

## FOURTH CLAIM

23.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "22" above as though fully set forth herein.

24.     The aforesaid actions on the part of the defendants constitute a prima facie tort for which they are liable to plaintiff.

25.     By reason thereof, plaintiff is entitled to recover from defendants compensatory damages in the amount $5,000,000, punitive damages in the amount of $5,000,000 and attorneys' fees incurred in this action and in defending defendants' false abuse and maltreatment charges, in an amount to be determined at trial.

## PRAYER FOR RELIEF

Wherefore, plaintiff respectfully requests that this Court:

a.      Award plaintiff on her first claim, in amounts to be determined at trial pursuant to Title VII, back pay from January 2002 and front pay, compensatory and punitive damages and statutory attorneys' fees, against St. Christopher's, Inc.;

      b.      Award plaintiff back pay from January 2002 and front pay and compensatory damages on her second claim in the amount of $5,000,000, against all defendants;

      c.      Award plaintiff compensatory damages on her third claim in the amount of $5,000,000, punitive damages in the amount of $5,000,000, plus attorneys' fees in an amount to be determined at trial, against all defendants;

      d.      Award plaintiff compensatory damages on her fourth claim in the amount of $5,000,000, punitive damages in the amount of $5,000,000, plus attorneys' fees in an amount to be determined at trial, against all defendants;

      e.      Award plaintiff her attorneys' fees as allowed by Title VII and common law and her costs and disbursements; and

      f.      Award plaintiff such other relief as the Court deems proper.

## JURY TRIAL DEMAND

The plaintiff requests a jury trial on all questions of fact raised by her complaint.

Dated: White Plains, New York
       May 6, 2005

LAW OFFICES OF PETER J. SCHMERGE, PLLC

BY: _____
     PETER J. SCHMERGE (PS4216)
Attorneys for Plaintiff
Ten Bank Street, Suite 650
White Plains, New York 10606
(914) 686-8100